FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 18 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————
UNITED STATES OF AMERICA,

v.

LANCE MOSKOWITZ,

          Defendant.
———————————————————

08-CR-76 (JBW)

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

1

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

Lance Moskowitz was originally sentenced by this court on September 10, 2008 to five years probation for conducting an illegal gambling operation in violation of 18 U.S.C. § 1955(a). On April 24, 2009, Moskowitz pled guilty to one of five charged violations of the conditions of probation. The charge alleged that on January 8, 2009, Moskowitz violated the mandatory condition that "[the offender] shall not commit another federal, state or local crime" by criminally possessing a controlled substance.

The court was statutorily required to revoke the sentence of probation and impose a sentence that included a term of imprisonment. See 18 U.S.C. § 3565(b)(1). The instant violation was classified as a grade A violation. See U.S.S.G. § 7B1.1(a)(1). The defendant's criminal history category at the time he was originally sentenced to probation was two, yielding a guidelines range of imprisonment for the violation of between fifteen and twenty-one months. See U.S.S.G. § 7B1.4(a).

Moskowitz was sentenced on April 24, 2009 to three years imprisonment and three years supervised release. Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court did not depart from the guidelines and sentenced the defendant under 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). Defense counsel specifically advocated for a term of imprisonment of three years in order to coordinate with the state

prosecution of the defendant for the same underlying conduct. The court noted the defendant's intelligence and strong family connections. A sentence of three years imprisonment and three years supervised release reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that violation of probation conditions by possession of a controlled substance will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation.

Jack B. Weinstein
Senior United States District Judge

Dated: June 16, 2009
Brooklyn, New York